UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMAIN ANDERSON,

        Plaintiff,                              Case No.1:05-cv-352

vs.

LIBERTY LIFE ASSURANCE              Weber, J.
COMPANY OF BOSTON, *et. al.*,        Black, M.J.

        Defendant.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION TO DISMISS (Doc. 7) BE GRANTED AND DEFENDANTS HEATHER CARIGNAN AND LINDA LAUGHLIN BE TERMINATED AS PARTY DEFENDANTS**

Plaintiff initiated this action on May 20, 2005 by filing a *pro se* complaint, pursuant to 28 U.S.C. § 1331, against defendants Liberty Life Assurance Company of Boston ("Liberty Life"), Heather Carignan, and Linda Laughlin for alleged breach of contract in connection with Plaintiff's failure to receive long-term disability benefits. (Doc. 2.) This case is now before the Court on Defendants' motion to dismiss Plaintiff's complaint (Doc. 7) and the parties' responsive memoranda. (Docs. 12, 13, 14.)

**I.**

Plaintiff's complaint arises out of the denial of her claim for long-term disability benefits. Plaintiff's handwritten complaint states, *in toto*:

I want the Court to make the Defendant Liberty Life Assurance Company

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

> of Boston to reinstate my claim for long term Disability Benefits and to back date payments beginning January 2005 until the present in the amount of $1,400 monthly that they stopped payment on after December 2004, and to pay for my attorney fees and (court costs).

(Doc. 2, p. 6.)

Thereafter, on June 16, 2005, Defendants Heather Carignan and Linda Laughlin filed a motion to dismiss the complaint as it pertains to them because the complaint does not state a claim against either Carignan or Laughlin. (Doc. 7.)

In response to Defendants' motion to dismiss, Plaintiff filed two memoranda in opposition, one primarily addressing her claims against Liberty Life, and the other addressing her claims against Carnigan and Laughlin. (*See* docs. 12, 13). In her "Motion in Opposition to Dismiss Complaint Against Defendants Heather Carignan and Linda Laughlin," Plaintiff asserts that Carignan is an Appeal Consultant, and Laughlin is a Case Manager for Liberty Life, and alleges, *inter alia*, that Carignan and Laughlin misrepresented medical information that was submitted as 'proof' for Plaintiff's disability insurance claim. (Doc. 12.)

## II.

On consideration of a motion to dismiss under either Rule 12(b)(1) or Rule 12(b)(6), the Court must take all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994), *cert. denied,* 513 U.S. 868 (1994).

Because Plaintiff brings this case *pro se,* the Court liberally construes her

allegations in her favor. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (*pro se* pleadings should be construed more liberally than pleadings drafted by lawyers). Moreover, "[a] pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

### III.

Defendants assert that claims for long-term disability benefit are based in contract, and, therefore, cannot be made against individuals who are not party to the contract. *See Massachusetts Laborors' Health & Welfare Fund v. Starrett Paving*, 845 F.2d 23, 25 (1st Cir. 1988) (long-term benefits plan imposed obligations only on parties who were already contractually obligated to make contributions).[2]

Furthermore, the Sixth Circuit has rejected individual liability for carrying out duties and making decisions on behalf of an employer in the context of long-term disability benefits. *Scarbrough v. Perez*, 870 F.2d 1079, 1083 (6th Cir. 1989); *see also*

---

[2] Plaintiff's claim may be controlled by ordinary principles of contract law, and not by ERISA. It appears that at all times relevant to this lawsuit, Plaintiff was employed by Hamilton County Jobs and Family Services. A plan established by a state, local, or regional authority is a governmental plan excluded from coverage under ERISA. *See Keyser v. UNUM Life Ins. Co. of America*, No. C2-03-138, 2005 WL 2230203, *6 (S.D. Ohio September 12, 2005) (citing 29 U.S.C. §§ 1002(32) and 1003(b)).

*International Bhd. of Painters & Allied Trade Unions v. George A. Kracher, Inc*., 856 F.2d 1546, 1550 (D.C. Cir. 1988) (individuals, such as claims administrators, are not liable for corporate debt).

Here, neither Plaintiff's complaint nor the new allegations contained in her opposition memorandum assert that either Carignan or Laughlin accepted any contractual responsibility in the context of long-term disability benefits.  Accordingly, pursuant to Rule 12(b), the undersigned finds that Defendants Carignan and Laughlin should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motion to dismiss (doc. 7) be **GRANTED**;

2. Defendants Heather Carignan and Linda Laughlin be **TERMINATED** as party defendants; and

3. Plaintiff's claims against Liberty Life Assurance Company of Boston should be allowed to go forward at this time.

Date: February 27, 2006     s/Timothy S. Black
                            Timothy S. Black
                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMAIN ANDERSON,

        Plaintiff,                      Case No.1:05-cv-352

vs.

LIBERTY LIFE ASSURANCE         Weber, J.
COMPANY OF BOSTON, *et. al.*,      Black, M.J.

        Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).