UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMAIN ANDERSON,

        Plaintiff,                        Case No.1:05-cv-352

vs.

LIBERTY LIFE ASSURANCE         Weber, J.
COMPANY OF BOSTON, *et. al.*,     Black, M.J.

        Defendants.

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR ORDER OF RELIEF (Doc. 20) BE DENIED.**

Plaintiff initiated this action on May 20, 2005 by filing a *pro se* complaint, pursuant to 28 U.S.C. § 1331, against defendants Liberty Life Assurance Company of Boston ("Liberty Life"), Heather Carignan, and Linda Laughlin for alleged breach of contract in connection with Plaintiff's failure to receive long-term disability benefits. (Doc. 2.)[2] This case is now before the Court on Plaintiff's motion for order of relief (doc. 20) and Defendant's memorandum *contra* (doc. 23).

Plaintiff's motion seeks reinstatement of her disability claim for long-term benefits, damages for emotional distress related to the alleged wrongful termination of benefits, and judgment in the amount of $39,200. Because Plaintiff is seeking judgment as a matter of law, her motion may be construed as a motion for summary judgment

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] On March 30, 2006, defendants Heather Carignan and Linda Laughlin were dismissed and terminated as party defendants. (Doc. 22)

pursuant to Federal Rule of Civil Procedure 56.

A motion for summary judgment should be granted only if the <u>evidence</u> submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Here, Plaintiff did not submit any evidence (or even argument) in support of her claim that she is entitled to reinstatement of her disability claim. Accordingly, entry of judgment is improper at this time. The undersigned therefore **RECOMMENDS** that Plaintiff's motion for order of relief (doc. 20) be **DENIED**.


Date: June 30, 2006          s/Timothy S. Black
                             Timothy S. Black
                             United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMAIN ANDERSON,

        Plaintiff,                                Case No.1:05-cv-352

vs.

LIBERTY LIFE ASSURANCE                Weber, J.
COMPANY OF BOSTON, *et. al.*,            Black, M.J.

        Defendant.

## NOTICE

     Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).