UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMAIN ANDERSON,

      Plaintiff

    v.                          C-1-05-352

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON, *et al.*,

      Defendants

## ORDER

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 26), plaintiffs' objections (doc. no. 27) and defendants' response (doc. no. 30) and plaintiff's reply (doc. no. 33). The Magistrate Judge concluded that plaintiff was not entitled to the requests made in her Motion for Order of Relief for Judgment as a Matter of Law (doc. no. 20).

Plaintiff objects to the Judge's Report and Recommendation on the grounds that his conclusions are contrary to law.

In his Report, the Magistrate Judge set forth, in part, the following. Plaintiff initiated this action on May 20, 2005 by filing a *pro se* complaint, pursuant to 28 U.S.C. § 1331, against defendants Liberty Life Assurance Company of Boston ("Liberty Life"), Heather Carignan, and Linda Laughlin for alleged breach of contract in connection with Plaintiff's failure to receive long-term disability benefits. (Doc. 2.)[1]

---

[1] On March 30, 2006, defendants Heather Carignan and Linda Laughlin were dismissed and terminated as party defendants. (Doc. 22)

2

This case is now before the Court on Plaintiff's motion for order of relief (doc. 20) and Defendant's memorandum *contra* (doc. 23).

Plaintiff's motion seeks reinstatement of her disability claim for long-term benefits, damages for emotional distress related to the alleged wrongful termination of benefits, and judgment in the amount of $39,200. Because Plaintiff is seeking judgment as a matter of law, her motion may be construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

A motion for summary judgment should be granted only if the <u>evidence</u> submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

3

Upon a *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that plaintiff's objections have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (doc. no. 26). Plaintiff's Motion for Order of Relief (doc. 20) is **DENIED WITHOUT PREJUDICE**. The case is **RECOMMITTED** to the Magistrate Judge for further proceedings according to law.

**IT IS SO ORDERED.**

                                                        s/Herman J. Weber
                                         Herman J. Weber, Senior Judge
                                          United States District Court