UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


JERMAIN ANDERSON,

        Plaintiff,                          Case No.1:05-cv-352

vs.

LIBERTY LIFE ASSURANCE             Weber, J.
COMPANY OF BOSTON, *et. al.*,        Black, M.J.

        Defendants.


**REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS (doc. 39) BE GRANTED AND THIS CASE BE CLOSED**

Plaintiff initiated this action on May 20, 2005 by filing a *pro se* complaint, pursuant to 28 U.S.C. § 1331, against defendants Liberty Life Assurance Company of Boston ("Liberty Life"), Heather Carignan, and Linda Laughlin for alleged breach of contract in connection with plaintiff's failure to receive long-term disability benefits. (Doc. 2.)

This case is now before the Court on defendant Liberty Life's motion for summary judgment (doc. 39) and the parties' responsive memoranda. (Docs. 44, 45.)

**I.**

Plaintiff's complaint arises out of the denial of her claim for long-term disability benefits. Plaintiff's handwritten complaint states, *in toto*:

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

> I want the Court to make the Defendant Liberty Life Assurance Company of Boston to reinstate my claim for long term Disability Benefits and to back date payments beginning January 2005 until the present in the amount of $1,400 monthly that they stopped payment on after December 2004, and to pay for my attorney fees and (court costs).

(Doc. 2, p. 6.)

Thereafter, on June 16, 2005, Defendants Heather Carignan and Linda Laughlin filed a motion to dismiss the complaint as it pertains to them because the complaint does not state a claim against either Carignan or Laughlin. (Doc. 7.) Defendants' motion was granted, and Carignan and Laughlin were terminated as defendants in this action.

Defendant Liberty Life filed the instant motion for summary judgment on January 8, 2007. Liberty Life asserts that the Court lacks jurisdiction because plaintiff's claim is not governed by ERISA, or, in the alternative, plaintiff has failed to provide sufficient proof that she is entitled to reinstatement of her disability claim. For the reasons that follow, the undersigned finds defendant's motion well-taken and recommends that it be granted.

## II.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). All reasonable inferences are drawn in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

### III.

Federal subject matter jurisdiction is granted to cases arising under ERISA pursuant to 29 U.S.C. § 1132(e). However, section 4(b) of ERISA excludes application of the Act's provisions to governmental plans. *See* 29 U.S.C. § 1003(b)(1). Section 3(32) defines "governmental plan" as a plan "established or maintained for its employees . . . by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the forgoing." *Id*. at § 1002(32); *see also Keyser v. UNUM Life Ins. Co. of America*, Case No. C2-03-138, 2005 WL 2230203, *6 (S.D. Ohio September 12, 2005) (A plan established by a state, local, or regional authority is a governmental plan excluded from coverage under ERISA.)

Here, Plaintiff was employed by Hamilton County Jobs and Family Services. As an eligible employee of Hamilton County, plaintiff was enrolled in a plan of long-term disability coverage (the "Policy"). (*See* Doc. 38. Ex. A.) The Policy is issued to Hamilton County, Ohio, which is a political subdivision of the State of Ohio. The Policy further provides that Hamilton County, Ohio is the policy sponsor. *Id*. at LL000002. Furthermore, the Policy provides coverage for individuals in active employment with Hamilton County, Ohio. *Id.* at LL000007. Hamilton County also pays all premiums due under the Policy. *Id*. at LL000034.

Liberty Life asserts, therefore, that the policy at issue is a governmental plan, expressly excluded by ERISA. *See* 29 U.S.C. § 1003(b)(1); *see also See Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 -90 ( 6th Cir. 1997) (Plan established by County for its

employees was a "governmental plan" exempt from ERISA as the County is a political subdivision of the State within the meaning of ERISA, 29 U.S.C. § 1002(32)); *Fromm v. Principal Health Care of Iowa, Inc*., 244 F.3d 652 (8th Cir. 2001) ( Health insurance plan purchased by city for its employees was a "governmental plan" exempt from ERISA, even though the plan was offered and administered by a private insurer; because city paid the insurance premiums under the health care plan selected by the employees, plan was deemed to be established and maintained by city); *Silvera v. Mutual Life Ins. Co. of New York*, 884 F.2d 423 (9th Cir. 1989) (Group benefits policy purchased by city for its employees was "governmental plan" exempt from Employee Retirement Income Security Act, even though plan had been offered and administered by private insurer.)

The undersigned agrees that the Policy under which plaintiff seeks benefits is a governmental plan excluded by ERISA. Accordingly, the Court lacks subject-matter jurisdiction over plaintiff's claims, *see Weiner*, 108 F.3d at 89-90, and Liberty Life is entitled to judgment as a matter of law.

### IV.

It is therefore **RECOMMENDED** that defendant's motion for summary judgment (doc. 39) be **GRANTED**, and this case be **CLOSED**.


Date: August 31, 2007        s/Timothy S. Black
   Timothy S. Black
   United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMAIN ANDERSON,

        Plaintiff,                              Case No.1:05-cv-352

vs.

LIBERTY LIFE ASSURANCE                Weber, J.
COMPANY OF BOSTON, *et. al.*,           Black, M.J.

        Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).